IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 14 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

REBECCA BAUGH and
BENJAMIN BAUGH                                         PLAINTIFFS

vs.                       Case No.: 10-5192

PROFESSIONAL CREDIT MANAGEMENT, INC.                   DEFENDANTS

## COMPLAINT

Come now Plaintiffs, Rebecca Baugh and Benjamin Baugh ("Baughs"), for their complaint against Defendant, Professional Credit Management, Inc. ("PCMI") and state:

### Statement of the Case.

This is an action under the Fair Debt Collection Practices Act ("FDCPA") to correct unlawful collection practices and to provide appropriate relief to Baughs and a pendent action under the laws of the State of Arkansas for the tort of defamation. Baughs bring this action to recover the damages that they sustained as a result of Defendant's unlawful actions.

### Jurisdiction and Venue.

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. 1692k(d) and supplemental jurisdiction over the tort claim pursuant to 28 U.S.C. §1367.

2. The unlawful collection practices alleged below were committed in the Western District of Arkansas.

### Parties.

3. Baughs are citizens and residents of Washington County, Arkansas.

4. PCMI is a corporation organized pursuant to the laws of the State of Arkansas with its principal place of business in Jonesboro, Arkansas.

5. At all relevant times, Defendant was a "debt collector" as that term is defined in the FDCPA, who conducted debt collection activities in the Western District of Arkansas.

## Statement of Claims.

6. Upon information and belief, PCMI purchased certain debts from Ear Nose & Throat Center of the Ozarks (referred to below as "Assignor"). PCMI then claimed that Baughs owed it a debt that had originally been owed to Assignor.

7. Baughs never received any medical services for which PCMI claimed they owed the debt. The Baughs notified Assignor that they were billed in error.

8. Assignor apologized to Baughs and assured them that no further action would be taken to collect the debt.

9. Without any documentation of a valid debt, PCMI caused inaccurate negative information to be placed on Baughs' credit report for the sole purpose of causing hardship to the Baughs so that they would pay the debt.

10. Without any documentation of a valid debt, PCMI filed suit against Baughs in the District Court of Benton County, Arkansas.

11. PCMI obtained Benjamin Baugh's work address and served him with a complaint at his place of employment in view of his co-workers even though he did not have any account with Assignor.

12. PCMI published a false statement to all of the major credit reporting agencies stating that Baughs owed the debt, that they received service for which they did not make payments, and that this was a joint account owed to Assignor.

13. A reasonable investigation into this matter would have revealed that the Baughs did not owe the debt, that they did not receive any services for which the debt was claimed and that there was no joint account owed by Baughs to Assignor.

14. The false statements made by PCMI have injured and will continue to injure the reputations of Baughs.

15. PCMI's actions were either intentional or grossly negligent justifying the recovery of punitive damages.

### Count I - FDCPA Violations.

16. The preceding paragraphs are incorporated by reference.

17. Defendant's lawsuit violated the FDCPA. Defendant attempted to collect a debt that it had not substantiated. The alleged debt was clearly not owed and there was no basis to file suit or to claim that the debt was on a joint account.

18. Defendant's placement of false negative information on Baugh's credit report violated the FDCPA. Defendant falsely reported the unsubstantiated debt in a purposeful attempt to cause hardship on the Baughs and make them pay a debt that they did not owe.

19. Defendant's service of Benjamin Baugh at his place of employment violated the FDCPA. Defendant intentionally served him at his place of employment to cause him embarrassment in a purposeful attempt to cause hardship and make him pay a debt that he did not owe.

### Prayer for Relief.

WHEREFORE, the Plaintiffs respectfully pray that this Court:

A. Award them compensatory damages;

B. Award them additional statutory damages;

C. Award them punitive damages;

D. Award them attorneys' fees; and

E. Grant such further relief as the Court deems necessary and proper.

### Count II- Defamation.

20. The preceding paragraphs are incorporated by reference.

21. PCMI published a false statement of fact by reporting that Baughs owed the debt, that they received service for which they did not make payments, and that this was a joint account owed to Assignor. They further published this false statement by serving Benjamin Baugh with a complaint for the invalid debt at his place of employment.

22. The false statement was defamatory in that it caused harm to the Baughs' reputations by making it appear that they were not creditworthy, that they cannot or do not pay their bills.

23. PCMI acted with negligence in failing to determine that the statement was false. PCMI acted with knowledge that its statements that Benjamin Baugh did not guarantee the debt or that the debt was a joint account for which Baugh was responsible were false.

24. PCMI's publication of the statement was the proximate cause of the Baughs' damages.

WHEREFORE, the Plaintiffs respectfully pray that this Court:

A. Award them compensatory damages;

B.  Award them punitive damages;

C.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

The Plaintiffs request a jury trial on all questions of fact raised by their complaint.

                Respectfully submitted,
                REBECCA BAUGH and BENJAMIN BAUGH,

By: _____
Stephen Lisle, #94103
LISLE RUTLEDGE, P.A.
1458 Plaza Place, Suite 101
Springdale, AR  72764
(479) 750-4444
(479) 751-6792 (fax)

## VERIFICATION

We, Benjamin Baugh and Rebecca Baugh, hereby verify that we have read the foregoing Complaint, and that the allegations contained therein are true and correct to the best of our knowledge and belief.

_____
Benjamin Baugh, Plaintiff

_____
Rebecca Baugh, Plaintiff

## ACKNOWLEDGEMENT

STATE OF ARKANSAS    )
                     )
COUNTY OF Washington )

On this the 8th day of October 2010 before me, Marilynn R Curry, the undersigned officer, personally appeared BENJAMIN BAUGH AND REBECCA BAUGH, known to me or satisfactorily proven to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

MARILYNN R. CURRY
Washington County
My Commission Expires
September 19, 2011