UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REBECCA BAUGH and
BENJAMIN BAUGH                                                    PLAINTIFFS

vs.                              Case No.: 10-5192

PROFESSIONAL CREDIT MANAGEMENT, INC.                             DEFENDANT

ANSWER TO COMPLAINT

    Comes Professional Credit Management, Inc. ("PCM"), by and through its attorneys, Marshall & Owens, a Professional Association, and for its Answer to Complaint, states as follows:

    1.    PCM admits the allegations contained in paragraphs 1, 3, 4 and 5 of Plaintiff's complaint.

    2.    PCM, for lack of knowledge or information, denies the allegations contained in paragraphs 7, 8 and 11 of Plaintiff's Complaint.

    3.    PCM specifically denies that any unlawful collection practices were committed by PCM as alleged in paragraph 2 of Plaintiff's Complaint.

    4.    PCM specifically denies that it purchased any debts from the assignor as alleged in paragraph 6 of Plaintiff's Complaint.

    5.    PCM specifically denies that it lacked any documentation of a valid debt and denies that it caused negative information to be placed in Plaintiffs' credit report for the purpose of causing Plaintiffs hardship as alleged in paragraph 9 of Plaintiffs' Complaint.

1

6.     PCM specifically denies that it lacked documentation of a valid debt prior to filing suit against Plaintiff as alleged in paragraph 10 of Plaintiffs Complaint.

7.     PCM specifically denies that it published a false statement as alleged in paragraph 12 of Plaintiffs' Complaint.

8.     To the extent that paragraph 13 alleges any breach of duty or violation of law, PCM specifically denies the allegations contained therein.

10.    PCM specifically denies that Plaintiffs suffered any injuries as a result of PCM's alleged breach of duty or violation of law as alleged in paragraph 14 of Plaintiffs' Complaint.

11.    PCM specifically denies that it acted intentionally or with gross negligence justifying the recovery of punitive damages as alleged in paragraph 15 of Plaintiffs' Complaint.

12.    To the extent that paragraph 16 alleges any breach of duty or violation of law, PCM specifically denies the allegations contained therein.

13.    PCM specifically denies that it has violated FDCPA as alleged in paragraph 17 of Plaintiffs' Complaint.

14.    PCM specifically denies that it violated FDCPA and specifically denies that it falsely reported a debt purposefully to cause Plaintiffs' hardship or to make Plaintiffs pay a debt they did not owe as alleged in paragraph 18 of Plaintiffs' Complaint.

15.    PCM specifically denies that any service of process violated

FDCPA and specifically denies that it served Plaintiff in an attempt to cause Plaintiff hardship and to make Plaintiff pay a debt he did not owe as alleged in paragraph 19 of Plaintiffs' Complaint.

16.    To the extent that paragraph 20 alleges any breach of duty or violation of law, PCM specifically denies the allegations contained therein.

17.    PCM  specifically denies that it intentionally published any facts as alleged in paragraph 21 of Plaintiff's Complaint.

18.    PCM specifically denies that any statement made by PCM was defamatory or caused it to appear that Plaintiffs were not creditworthy or did not pay their debts as alleged in paragraph 22 of Plaintiffs' Complaint.

19.    PCM specifically denies that it was negligent and denies that it made any statement that Mr. Benjamin Baugh guaranteed a debt or that the debt was a joint account debt as alleged in paragraph 23 of Plaintiffs' Complaint.

20.    PCM specifically denies that it published any statement that caused Plaintiffs to suffer damages and specifically denies that any statement was the proximate cause of any damages Plaintiffs' suffered as alleged in paragraph 24 of Plaintiff's Complaint.

21.    Pleading affirmatively, PCM pleads that any FDCPA violation was not intentional and resulted from a bona fide error nothwithstanding the maintenance of procedures reasonably adapted to avoid any error.

WHEREFORE, Professional Credit Management, Inc., pray that

Plaintiff's Complaint be dismissed and that Plaintiff recover its costs,

attorney fees, and all other relief to which it may be entitled.

Respectfully submitted,

Marshall & Owens
A Professional Association
P. O. Box 4034
Jonesboro, Arkansas 72403

By: /s/ Bryant Marshall
Attorneys for Plaintiff
Arkansas Bar No. 90017
bryantmarshall@marshallowens.com

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was made by mailing a copy
of same to:

Mr.Stephen Lisle, Esq.
LISLE RUTLEDGE, P.A.
1458 Plaza Place, Suite 101
Springdale, Arkansas 72764

on this _5_ day of November, 2010.

/s/ Bryant Marshall
Bryant Marshall